

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. A. Watson
County Attorney
Crosby County
Crosbyton, Texas

Dear Sir:

Opinion No. O-6545
Re: Compensation of the Sheriff of Crosby County, the appointment of deputy sheriffs and their compensation.

Your letter of April 19, 1945, requesting the opinion of this department on the questions stated therein, is, in part, as follows:

"The Commissioner's Court of Crosby County, Texas, have requested me to apply to you an opinion concerning the compensation to be paid the Sheriff of Crosby County, the appointment of deputies, their compensation and how paid.

"I give you the following: (a) Crosby County, according to the latest U. S. census had 10,046 population.

"(b) It's assessed valuation is less than $7,000,000.00.

"(c) The Sheriff is still compensated on a fee basis.

"(d) The fees of the Sheriff's office are never sufficient to pay the Sheriff the maximum, $2400.00 plus 1/3 of excess fees, never bring it up to $3000.00.

"(e) The Sheriff has no Deputy, but needs one badly.

"In light of the above, I submit to you the following questions for your opinion:

"(a) May the Commissioner's Court pay the Sheriff for any expenses of his office, including traveling expenses or any other expenses, out of any funds except his fees of office and the Ex Officio of $1000.00 a year, which is now paid him?

"(b) Can the Commissioner's pay the Sheriff any salary out of any funds in excess of the $1000.00 per year Ex Officio now paid him, which together with all fees, commissions and other compensations, including net profit on feeding prisoners, but not including rewards for capture of fugitives, and for the capture of stolen property, is insufficient to pay all expenses allowed the Sheriff, including Deputy hire, office help, and all other items provided for in Article 3899, Revised Statutes of Texas?

"(c) Can the Commissioner's Court pay salaries of Deputies and office clerks out of the general fund?

"(d) Can the Commissioner's Court pay the Sheriff for depreciation and necessary expenses of operation of Sheriff's automobile and the cost of maintenance of said automobile out of the general fund and if not, can they pay these items out of any fund, and if so, what fund?

"(e) Can the Commissioner's Court pay the Sheriff out of the General fund 4 cents per mile for the necessary maintenance, depreciation and cost of operating his own automobile? If not, then what fund, if any can they pay same out of?

"(f) Does Article 3902 of the Revised Statutes, together with it's amendments have the effect of repealing Article 6869?

"(g) If the Deputy Sheriff is appointed, will he be appointed under the provisions of Article 3902 or under the provisions of Article 6869?

And, if one is appointed, will his compensation
be paid as provided in Article 6869 or as in Arti-
cle 3902?

".  .  .  ."

We want to thank you for the able brief submitted
with your inquiry which has materially aided us in passing
upon the questions under consideration.

Article 3934 and paragraph (a) of Article 3899,
Vernon's Annotated Civil Statutes, are applicable to your
first question. Paragraph (a) of Article 3899, among other
things, specifically provides, "The amount of such expenses
together with the amount of salaries paid to assistants,
deputies, and clerks, shall be paid out of the fees earned
by such officer." In view of the foregoing statutes your
first question is respectfully answered in the negative.

Your second question is respectfully answered in
the negative except to the compensation of deputies. Arti-
cle 3899 provides in part:

". . . The amount of salaries paid to as-
sistants and deputies shall also be clearly shown
by such officer, giving the name, position, and
amount paid each; and in no event shall any offi-
cer show any greater amount than actually paid
any such assistant or deputy. The amount of such
expenses, together with the amount of salaries
paid to assistants, deputies and clerks, shall
be paid out of the fees earned by such officer.
. . ."

Article 6869, Vernon's Annotated Civil Statutes,
authorizes the payment of deputy sheriffs out of the general
fund of the county only when the commissioners' court is of
the opinion that the fees of the sheriff are not sufficient
to justify the payment of the deputies. The purpose of the
statute is to enable the sheriff to have a sufficient number
of deputies to perform the duties of his office.

In answer to your third question you are advised
that, as above stated, Article 6869 authorizes the payment
of deputy sheriffs out of the general fund of the county only
when the commissioners' court is of the opinion that the fees
of the sheriff are not sufficient to justify the payment of
the deputies.

Answering your fourth question you are respectfully advised that it is the opinion of this department that the commissioners' court has no legal authority whatsoever to pay the sheriff for depreciation and necessary expenses for the operation of the sheriff's automobile or the cost of maintenance of said automobile out of the general fund or any other fund of the county. Such expenses must be paid out of fees earned by such officer.

Replying to your fifth question you are respectfully advised that it is the opinion of this department that the commissioners' court has no legal authority to pay four cents (4¢) per mile out of the general fund or any other fund to the sheriff as traveling expenses incurred in the legal conduct of his office. Paragraph (b) of Article 3899 is applicable only to those counties where the county officials are compensated on an annual salary basis. This provision of the statute is not applicable to counties where the county officials are compensated on a fee basis.

Our Opinion No. O-6367 answers your sixth and seventh questions and we enclose a copy of this opinion for your convenience.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:mp:lm
Encl.

APPROVED APR 27, 1945
Carlos C. Ashley
First Assistant
Attorney General

APPROVED
Opinion
Committee
By BWB
Chairman